UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNIE R. TAYLOR, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-01382 |
| FLEXSHOPPER, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes ANNIE R. TAYLOR ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of FLEXSHOPPER, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a "person," as defined by 47 U.S.C. §153(39), over 18 years of age, residing in Chicago, Illinois, which lies within the Northern District of Illinois.

5. Defendant operates as an online lease-to-own retailer and payment solutions provider. Defendant provides furniture, electronics, and various consumer goods to consumers across the United States. Defendant is a limited liability company organized under the laws of the state of North Carolina with its principal place of business located at 901 Yamato Road, Suite 260, Boca Raton, Florida.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**.

8. In approximately the early 2018, Plaintiff began receiving calls from Defendant to her cellular phone, (312) XXX-6200.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 6200. Plaintiff is and always had been financially responsible for the cellular phone and its services.

10. Defendant mainly uses the phone number (855) 353-9289 when placing calls to Plaintiff, but upon belief, it has used other numbers as well.

11. Upon information and belief, Defendant regularly utilizes the above referenced phone number ending in 9289 during its debt collection activities.

12. When Plaintiff answered calls from Defendant, Plaintiff experienced a prerecorded message, asking Plaintiff to wait to speak to a live representative.

13. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling to collect upon Plaintiff's purported past due payments ("subject debt") in connection with various consumer goods Plaintiff purportedly purchased from Defendant.

14. Plaintiff never purchased any goods from Defendant, and believes she may have been the victim of identity theft.

15. As a result, Plaintiff informed Defendant to stop contacting her cellular phone.

16. Plaintiff reiterated these demands on subsequent occasions.

17. Despite Plaintiff's demands, Defendant continued to persistently call Plaintiff's cellular phone up until the filing of the instant action.

18. Plaintiff has received not less than 20 calls from Defendant since asking it to stop contacting her.

19. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

20. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity,

diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

24. Defendant used prerecorded messages when placing calls to Plaintiff's cellular phone, bringing its phone calls within the ambit of the TCPA.

25. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using prerecorded messages without her consent. Plaintiff never consented to receive any calls from Defendant,; yet, nevertheless, any hypothetical consent Defendant may have had to place calls to Plaintiff's cellular phone using prerecorded messages was revoked by Plaintiff's repeated demands that the phone calls cease

26. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

27. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANNIE R. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

 b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

 c. Awarding Plaintiff costs and reasonable attorney fees; and

 d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

30. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

31. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

32. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to repeatedly contact Plaintiff, using prerecorded messages, in connection with a debt Plaintiff did not owe, after Plaintiff repeatedly demanded that the phone calls stop. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her consent. Following its characteristic

behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

33. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

34. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

35. As pled in paragraphs 18 through 21, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

36. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Defendant was notified by Plaintiff that she did not wish to receive any more phone calls and that Defendant cease contacting her. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. The onslaught of phone calls and other collection efforts was an attempt by Defendant to harass Plaintiff into submission – all in connection with a debt Plaintiff does not owe. After the conversations in which Plaintiff notified Defendant that that she did not wish to be contacted, Defendant had more than enough information to know that it should not continue calling her. Defendant, in defiance of the law, falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in

the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, ANNIE R. TAYLOR, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c. Awarding Plaintiff costs and reasonable attorney fees;

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 26, 2020                                 Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com